**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**CIVIL DIVISION**

| | |
|---|---|
| **In The Matter of Non-Party Subpoena Directed to Daniel J. Beckman, M.D.** | No. 1:19-MC-00063 |

**JURY TRIAL DEMANDED**

**FRED W. HOLLAND, M.D.'S SUR-REPLY IN OPPOSITION TO DANIEL J. BECKMAN, M.D.'S MOTION TO QUASH SUBPOENA**

AND NOW, comes Fred W. Holland, M.D. ("Holland"), by and through counsel, and files the following Sur-Reply in Opposition to Daniel J. Beckman, M.D.'s Motion to Quash Subpoena, averring as follows:

I. **NON-PARTY INDIANA UNIVERSITY HEALTH INC. HAS NOT PROPERLY INTERVENED IN THIS MATTER AND NO REQUEST WAS MADE TO COUNSEL THAT THEY BE PERMITTED TO DO SO.**

First, for the first time in over six months, in-house counsel for a corporately related entity (Indiana University Health, Inc. – "IU Health"), to Dr. Beckman's employment (Indiana University Health Physicians ("IUHP"), without filing a Motion to Intervene pursuant to Fed.R.Civ.Pro. 5 and 24, has offered a declaration that claims that to provide information about Dr. Beckman's defamatory communications "could very well compromise the integrity of **IUHSIP's** hiring process. . . ." (emphasis added). Accordingly, given that the non-party wants to raise its own rights in accord with this matter claiming that they are being impacted, before raising such issues the party must properly seek to intervene, whether claiming it is as of right, or alternatively, permissibly.

1

Here, during the meet and confer call between counsel, no discussion whatsoever occurred with regard to any request to intervene although mention was made at the time of "internal processes." See, Jason A. Archinaco Email Dated September 20, 2019, attached hereto as Exhibit 1, Declaration of Jason A. Archinaco, attached hereto as Exhibit 2. Had Plaintiff's counsel been consulted he might have consented to intervention should this matter have to be litigated before the Seventh Circuit, but he was not asked to do so. As such, the intervention is currently technically improper.

### A. IF THE COURT CONSIDERS THE DECLARATION AND INTERESTS OF IU HEALTH ABSENT INTERVENTION, THE ARGUMENT IS A RED HERRING.

Assuming arguendo that the court simply cuts to the chase here and considers the declaration absent proper intervention, the entire argument now advanced by IU Health is a complete red herring. First, IU (or a related entity) did perform basic redactions of documents before providing them to Plaintiff's counsel in connection with the original subpoena. Second, IU produced the emails that established and identified Dr. Beckman was the person that caused Dr. Holland's three year offer to be withdrawn. His name was not redacted, so IU did nothing to protect his identity, as they now seem to claim was so imperative. Not only that, but Dr. Beckman produced his declaration through counsel, so the arguments about his identity and involvement are a diversion. What Dr. Beckman and IU are seeking to evade is revelation of the basis for the statements made as well as the statements themselves, not their internal process, which has <u>already revealed by them</u>. This is not an identity issue that would compromise any internal review process, and the parties are all very well aware already due to IU's disclosures that Dr. Beckman is the one responsible for them.

Further, Dr. Beckman / IU seem to argue that there is a privilege here from discovery. Discovery relates to whether the matter is relevant to Dr. Holland's claims, and the discovery sought from Dr. Beckman certainly is. And further to this point, the type of communication that IU is seeking to protect, has little if any protection under the law generally when it comes to liability, let alone to discoverability.

At the time of Dr. Beckman's interference, Dr. Holland was a Pennsylvania resident. The Pennsylvania Constitution "places reputational interests on the highest plane, that is, on the same level as those pertaining to life, liberty, and property" and further that "reputational interests occupy an elevated position within our state Constitution's system of safeguards. . . ." *American Future Systems, Inc. v. Better Business Bureau*, 923 A.2d 389, 395 (Pa. 2007). Resultantly for example, unlike many other states that require either recklessness or malice to defeat a claim of conditional privilege when establishing liability for defamation, Pennsylvania only requires negligence with regard to private individuals, even in situations where the matter is of public concern. See e.g., E. *Menkowitz, M.D. v. Peerless Publications*, 211 A.3d 797 (Pa. 2019); *American Future Systems, Inc. v. Better Business Bureau,* 923 A.2d 389 (Pa. 2007) (negligence defeats conditional privilege; refusing to adopt higher standard). See also, *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 708 (7th Cir. 1994) (Posner) (refusing to apply absolute privilege, and adopting qualified privilege in context of U-5 defamation).

As such and as previously stated, the matters here are relevant to Dr. Holland's claims in his lawsuit and the discovery should proceed. There is no privilege that prevents discovery in this context and the case authority suggests, to the contrary, that

there are little protections in the law as to liability, let alone discoverability. Dr. Beckman and IU's arguments should be rejected.

### B. PLAINTIFF'S COUNSEL HAS ATTACHED A CONTEMPORANEOUS EMAIL DOCUMENTING THE CONVERSATIONS BETWEEN COUNSEL.

Following the meet and confer regarding this matter, counsel for Dr. Holland sent a detailed email documenting the conversation between counsel. It is attached here in response to Dr. Beckman's counsel's declaration.

WHEREFORE, for the reasons set forth above, Holland respectfully requests this Honorable Court either: (1) transfer this matter for determination and/or; (2) deny Dr. Beckman's Motion to Quash Subpoena with costs assessed to Holland at the discretion of the court.

Respectfully submitted,

Date: September 30, 2019

By *Jason A. Archinaco*
Jason A. Archinaco
The Archinaco Firm, LLC
The Pennsylvanian, Suite C6
1100 Liberty Avenue
Pittsburgh, PA 15222
(412) 434-0555
*Counsel for Fred W. Holland, M.D.*

## CERTIFICATE OF SERVICE

I, Jason A. Archinaco, hereby certify that on September 30, 2019, the foregoing ***FRED W. HOLLAND, M.D.'S SUR-REPLY IN OPPOSITION TO DANIEL J. BECKMAN, M.D.'S MOTION TO QUASH SUBPOENA***, was electronically filed using the Court's CM/ECF System. The foregoing will be delivered to the following counsel of record via e-email and U.S. First Class Mail:

Craig M. Borowski, Esq.
Peter Tschanz, Esq.
LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN 46204
*Attorneys for Daniel J. Beckman, M.D.*

Michael D. Marine
Assistant General Counsel
Indiana University Health
340 West 10th Street, FS 3104
Indianapolis, IN 46202

Thomas J. Wiencek
Mercy Health
388 South Main Street
Suite 500
Akron, OH 44311
*Attorney for Defendants*

By: */s/ Jason A. Archinaco*
Jason A. Archinaco

5