UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| NON-PARTY SUBPOENA DIRECTED TO | ) | No. 1:19-mc-00063-JRS-TAB |
| DANIEL J. BECKMAN, M.D. | ) | |
| | ) | |

**ORDER ON DANIEL J. BECKMAN, M.D.'S
MOTION TO QUASH NON-PARTY SUBPOENA**

This matter is before the Court on Daniel J. Beckman, M.D.'s motion to quash a non-party subpoena served by Fred W. Holland, M.D. [Filing No. 1]. As explained in more detail below, Beckman's motion to quash is denied.

**I.     Background**

This discovery dispute arose from litigation currently pending in the Northern District of Ohio between Plaintiff Holland and multiple Defendants, including Mercy Health. Holland claims Defendants tortuously interfered with his prospective business relationships and subjected him to unlawful retaliation.[1] [Filing No. 11, at ECF p. 1; Filing No. 15, at ECF p. 1.] Holland issued the underlying subpoena on August 14, 2019, seeking information from Beckman, a non-party cardiovascular surgeon employed by Indiana University Health Physicians ("IUHP"). Without treading too deep into the underlying facts, the allegations as related to Beckman appear to be that Holland sought employment with Indiana University Health Southern Indiana Physicians ("IUHSIP"), and at some point during the application process, IUHSIP requested Beckman's opinion on whether IUHSIP should hire Holland. [Filing No. 1, at ECF p. 1-2.] Beckman allegedly stated that IUHSIP should not extend an employment offer to Holland, and Holland ultimately did not get the job. [Filing No. 1, at ECF p. 2]. Subsequently, Holland

---

[1] *See Fred W. Holland, M.D. v. Mercy Health, et al.*, No. 3:18-cv-00490 (N.D. Ohio).

contacted IUHSIP and Beckman seeking the nature and source of the information Beckman provided to IUHSIP. [Filing No. 11, at ECF p. 3-5.] Holland alleges that Beckman was unresponsive and did not provide the requested information, so Holland filed the subpoena at issue, seeking Beckman to appear for a deposition on September 19, 2019. Beckman subsequently filed his motion to quash the subpoena. [Filing No. 1].

The Court entered an order on September 18, 2019, concluding that Beckman's deposition would not go forward as noticed for September 19. [Filing No. 12.] The deposition was put on hold pending completion of briefing on Beckman's motion to quash and to give the Court time to consider various issues raised in the motion. The Court also ordered the parties to file a joint notice with the Court by September 24, 2019, indicating any agreements reached regarding Beckman's potential deposition. On September 24, the parties filed their joint notice stating that counsel did not reach an agreement on the propriety of Beckman's deposition, the scope of such deposition, or on whether to transfer this motion to quash to the Northern District of Ohio, where the underlying case is pending. [Filing No. 13.]

## II. Preliminary Issue: Venue

As a preliminary matter, the parties do not agree on whether this matter should be heard in Indiana or transferred back to Ohio. Under Fed. R. Civ. P. 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Beckman does not consent to transfer, so the only reason to transfer would be for exceptional circumstances. Holland argues that exceptional circumstances exist here, citing reasons such as: the underlying case has been pending in Ohio for more than one year and substantive motions related to Holland's claims have already been addressed there; the discovery

deadline was September 30, 2019; the complaint in this matter was filed under seal; harm to Holland in having to litigate in multiple forums; and the negligible burden on Beckman on having the matter decided in Ohio, since the deposition location would not change, just the court deciding the matter. [Filing No. 11, at ECF p. 8-11.]

These are not exceptional circumstances. This Court is fully capable of addressing the motion to quash without intimate familiarity of the underlying litigation in Ohio. In addition, parties can file a motion seeking judicial consent to reopen discovery for good cause if the moving party failed to act because of excusable neglect. *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."). Moreover, both sides agree that the deposition should not take longer than one or two hours and that it will take place in Indiana regardless of whether the motion to quash is ruled on here or in Ohio. Thus, the circumstances surrounding this dispute are not exceptional and do not warrant transfer.

### III. Substantive Issues

Beckman argues that the subpoena fails to comply with Fed. R. Civ. P. 45, seeks information irrelevant to the claims at issue in the underlying suit, and presents an undue burden to non-party Beckman. Beckman also argues that he has already provided Holland with a sworn declaration, rendering further deposition testimony unnecessary. [Filing No. 1, at ECF p. 2.] Holland counters that Beckman has information that can only be obtained through his testimony and which he has continuously refused to provide. Holland contends that such information is relevant to his underlying claims in Ohio and that Beckman's argument that the deposition is unduly burdensome is meritless in part because the amount of time and energy Beckman has

3

spent disputing the deposition has caused more of an undue burden (to Holland) than simply complying with the requests would have caused. [Filing No. 11, at ECF p. 13.]

The relevant legal standard for discovery in this context is straightforward:

> With regard to requesting discovery from non-parties, Rule 45 of the Federal Rules of Civil Procedure outlines the procedures for serving a third party with a subpoena for testimony or document production. When seeking such evidence from a non-party, the party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. . . . Ultimately, this Court has broad discretion in discovery matters[.]

*Executive Management Services, Inc. v. Fifth Third Bank*, 309 F.R.D. 455, 458 (S.D. Ind. 2015) (internal citations, quotation marks, and brackets omitted). The Court finds Beckman is required to comply with Holland's deposition request. The deposition is not unduly burdensome, and the information sought is relevant. The Court acknowledges Beckman's "unique status as a non-party[,]" [Filing No. 2, at ECF p. 7], and the fact that he is a cardiovascular surgeon and thus has a busy and often unpredictable schedule. But the same argument is true for many individuals—surgeons, plumbers, and parents alike. Beckman's choice of employment alone does not render him immune from legal proceedings. Holland has articulated a legitimate, relevant basis for seeking Beckman's deposition testimony. Holland alleged in the underlying matter that Defendants interfered with his future contracts. The events surrounding Beckman and IUHSIP, though non-parties to the underlying litigation, are sufficiently relevant to warrant taking Beckman's deposition.

Thus, Beckman's deposition shall proceed, but at a reasonable time and place determined by him at his earliest convenience within the next 45 days. Beckman shall be paid a reasonable witness fee as required by Rule 45 and the parties shall confer to resolve any dispute about that fee. The deposition should not exceed two hours in length, absent evasive answers or other misconduct, warranting additional time. The Court will not tell counsel what specific questions

can or cannot be asked during the deposition. However, questioning should generally be focused on determining the source of the information behind Beckman's opinion and what information Beckman provided to IUHSIP.

The current request for documents is also too broad and should be limited to documents related to these core issues. [Filing No. 8, at ECF p. 6.] For instance, the request for "[a]ll documents that pertain, reference and/or relate to the Declaration of Daniel J. Beckman, including drafts and emails surrounding, reference or pertaining to its creation" is too broad. [Filing No. 8, at ECF p. 6.] But the request for "[a]ll documents that support or form the basis for your 'opinion that I would not make an offer of employment to Dr. Holland' " is sufficiently narrow in scope. [Filing No. 8, at ECF p. 6.] Additionally, a request for documents that reference, relate, and/or pertain to the information that Beckman provided to IUHSIP would also be sufficiently narrow. Thus, the request for documents is modified to only encompass these two requests. Beckman shall produce responsive documents to the requests within 14 days, including a privilege log for any documents for which privilege is claimed.

Finally, Holland filed a sur-reply on September 30, 2019, arguing that Indiana University Health has not properly intervened in this matter. [Filing No. 16, at ECF p. 1.] Since the Court has denied the motion to quash and permitted Beckman's deposition, there is no need to address this issue. Holland also requests that the Court, in its discretion, assess costs to him. [Filing No. 16, at ECF p. 16.] This request is denied. The decision whether to transfer the matter was discretionary and Beckman's motion to quash the underlying subpoena had a good faith basis.

## IV. Conclusion

Beckman's motion to quash is denied. Counsel for both sides shall confer to schedule the deposition in Indianapolis, at a location and time convenient for Beckman at his earliest convenience within the next 45 days. Requests for production are limited as described in this order. Beckman is entitled to a reasonable witness fee, as required by Fed. R. Civ. P. 45. Holland's request for costs is denied.

Date: 10/10/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email