UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| In Re: | ) | |
| --- | --- | --- |
| | ) | |
| NON-PARTY SUBPOENA DIRECTED TO | ) | No. 1:19-mc-00063-JRS-TAB |
| DANIEL J. BECKMAN, M.D. | ) | |
| | ) | |

**ORDER ON DISCOVERY DISPUTE**

**I.    Introduction**

At issue before the Court is whether Daniel J. Beckman, M.D. is entitled to payment of a witness fee beyond the $40 statutory amount set in 28 U.S.C. § 1821 for his subpoenaed attendance at a deposition as a lay witness in an employment discrimination case. Dr. Beckman has not been identified as an expert witness and is not testifying as a treating physician. He is a fact witness. Thus, as explained below, Dr. Beckman is only entitled to the $40 statutory witness attendance fee. Any request beyond that amount is denied.

**II.    Background**

The parties appeared by counsel on November 14, 2019, for a telephonic status conference to address ongoing issues regarding Dr. Beckman's witness fee. After hearing from both sides, the Court took the matter under advisement and gave the parties an opportunity to each submit a short brief on the fee issue if desired. Counsel for Fred W. Holland, M.D. submitted a memorandum arguing that Dr. Beckman is a fact witness and not entitled to more than the statutory $40 amount. [Filing No. 20.] Counsel noted numerous physicians in the underlying case have been subject to a deposition and none were compensated beyond the $40 statutory amount. [Filing No. 20, at ECF p. 1.] Counsel for Dr. Beckman did not submit a

memorandum but indicated during the conference that Dr. Beckman's position is that he is entitled to a reasonable fee significantly in excess of $40.

**III.   Discussion**

At issue is whether Dr. Beckman, a non-party witness, is entitled to collect a fee for testifying at a deposition beyond the statutory amount of $40 set out in 28 U.S.C. § 1821(b).[1] Dr. Holland cites *Demar v. United States*, 199 F.R.D. 617, 618-19 (N.D. Ill. 2001).  In *Demar*, the Northern District of Illinois addressed the issue of a treating physician fact witness.  *Id.*  The court noted that there is a district court split regarding compensation of a treating physician.  *Id.*  Ultimately, the Northern District of Illinois determined that physicians should not be singled out for special treatment and concluded that the treating physician fact witness at issue was only entitled to the statutory fee of $40 because he was not an expert witness.  *Id*. at 619-20.  In comparison, *Bovey v. Mitsubishi Motor Mfg. of America Inc.*, No. 00-1402, 2002 WL 820670, at *2 (C.D. Ill. April 3, 2002), found "the line of cases allowing treating physicians to receive a reasonable fee in excess of the statutory rate to be more persuasive."

Nevertheless, no one in this matter asserts that Dr. Beckman is a treating physician or an expert witness.  He is simply a fact witness.  Thus, the case law is much clearer—Dr. Beckman is only entitled to the $40 statutory amount.  *See. e.g., Lock Realty Corp. v. U.S. Health, LP*, No. 3:06-cv-487RM, 2011 WL 4688823 (N.D. Ind. Oct. 3, 2011) ("Mr. Wesp testified as a fact witness, not an expert, and the rate billed for his services ($1,500.00) and travel time ($750.00) exceeds that recoverable for a fact witness.  28 U.S.C. § 1821 entitles witnesses to a modest

---

[1] Dr. Holland's counsel asks the Court to "reconsider its prior Order dated October 10, 2019[,] whereby the Court intended that Dr. Beckman be compensated beyond the statutorily mandated $40.00." [Filing No. 20, at ECF p. 2.] The Court's October 10 order simply stated that Dr. Beckman must appear for a deposition and was entitled to a reasonable fee under Fed. R. Civ. P. 45 for his attendance. [Filing No. 17, at ECF p. 4.]  The Court did not say what amount it believed Dr. Beckman should receive and instead had hoped the parties would be able to agree on that fee without Court intervention.

2

attendance fee (currently $40.00 per day), mileage, and subsistence. The court, accordingly, reduces Lock Realty's witness fee request for Mr. Wesp's services from $2,270.00 to $60.00 (the one day witness fee allowed under 28 U.S.C. 1821, plus $20.00 for subsistence costs)."), *aff'd*, 707 F.3d 764 (7th. Cir. 2013). *See also Patterson v. Avis Rent A Car Systems, Inc.*, 48 F. Supp. 3d 532, 533 (S.D.N.Y. 2014) ("[C]ompensation of a fact witness is governed by 28 U.S.C. § 1821, which provides for a $40 per day fee for each day's attendance. By contrast, expert witnesses designated under Rule 26 are entitled to a reasonable fee for time spent in responding to discovery paid by the party seeking the discovery, unless manifest . . . injustice would result." (Internal citation and quotation marks omitted)); *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 198-99 (N.D. Ohio 1998) ("[P]ursuant to Fed. R. Civ. P. 45(b)(1) and 28 U.S.C. § 1821, Drs. Gainsburg, O'Hara, and Sharma are conventional fact witnesses, who, like all fact witnesses with potentially relevant and necessary information, are entitled to $40 per day plus mileage for their attendance at depositions.").

The Southern District of West Virginia recently addressed a situation very similar to the underlying case. *See Wei-Ping Zeng v. Marshall University*, No. 3:17-cv-03008, 2019 WL 937328 (S.D.W. Va. Feb. 26, 2019). The West Virginia district court noted:

> In some cases, physicians who are not specifically retained or employed to provide expert opinions nonetheless have been paid an "expert witness" fee. . . . However, this view is not universally held and certainly does not apply to physicians deposed as fact witnesses and not as treating health care providers, or retained expert witnesses. In each case, the difference depends on the subject matter of the testimony.

*Id.* at *4 (internal citations omitted). The court concluded that "[t]he witnesses in this case, some of whom are physicians and some of whom are scientists and other professionals, are not being deposed to provide opinions within their specialized skill and knowledge." *Id.* Rather, the court noted that the witnesses were "being questioned regarding their involvement in the tenure

3

application submitted by Plaintiff and their observations and recollections of the process. As such, they are fact witness[es], entitled to no more than the statutory witness fee." *Id.* While this Court is not bound by a decision in West Virginia or other district courts, the same reasoning and analysis applies. Thus, Dr. Beckman, as a fact witness testifying about his involvement in a hiring decision, is entitled to no more than the statutory witness fee.

## IV. Conclusion

Therefore, Dr. Beckman is only entitled to collect the statutory amount of $40 for his attendance at a deposition as a fact witness in this matter. Because Dr. Beckman has not presented any evidence of mileage expenses (his deposition will occur at his place of employment), the Court does not include any such expenses in calculating his witness fee.

Date: 12/4/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email